**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **Diane Watts, et al.,** ) | |
| **Plaintiffs,** ) | |
| ) | **No. 21 C 2101** |
| **v.** ) | |
| ) | **Judge Ronald A. Guzmán** |
| **Soloymi, Inc., and Theron Busby,** ) | |
| **Defendants.** ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

For the reasons stated below, the motion to dismiss or transfer for improper venue [15] is granted. The Clerk is directed to transfer this case forthwith to the Eastern District of Arkansas.

## <u>STATEMENT</u>

Plaintiffs allege several claims against Theron Busby and Soloymi, Inc. ("Soloymi"), after Busby, who was allegedly driving a truck on behalf of Soloymi, rear-ended a car. Barbara Watts, who is now deceased, was driving the car, and Diana Farr, also deceased, was a passenger. Plaintiffs are Diane Watts, executor of the estate of Barbara Watts, and Brooke Kemp, executor of the estate of Diana Farr. Soloymi, which is a citizen of Illinois, moves to dismiss for improper venue or, in the alternative, to transfer the case to the Eastern District of Arkansas. Busby moves to dismiss for lack of personal jurisdiction.

Under the federal venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391.

Although Plaintiffs cite § 1392(1) in their complaint as the basis for venue in the Northern District of Illinois, they acknowledge that § 1392(1) is inapplicable here because all defendants are not residents of Illinois; Plaintiffs state in their response to Soloymi's motion to dismiss for improper venue that they should have cited § 1392(2). According to Plaintiffs, their

reliance on § 1392(2) is appropriate because the truck at issue is "a substantial part of property that is the subject of this action and is situated in this district"; Soloymi, to whom the truck was purportedly registered, is a citizen of Illinois and has its principal place of business in this district; and Soloymi was negligent in this district in its failure to properly hire, train, supervise, and discipline Busby.

Under Federal Rule of Civil Procedure ("Rule") 12(b)(3), pursuant to which Soloymi seeks dismissal for improper venue, "the Court assumes the plaintiff's allegations in the complaint are true unless they are contradicted by the defendant's affidavits." *Hangxiao Che v. Daimler Trucks N. Am., LLC*, No. 21-CV-180-JPG, 2021 WL 3129418, at *2 (S.D. Ill. July 23, 2021). The test for a determination of proper venue under § 1391(b)(2) "is not whether a majority of the activities pertaining to the case were performed in a particular district, but whether a substantial portion of the activities giving rise to the claim occurred in a particular district." *Allstate Life Ins. Co. v. Stanley W. Burns, Inc.*, 80 F. Supp. 3d 870, 877 (N.D. Ill. 2015). Plaintiffs bear the burden of establishing that venue is proper. *Marzano v. Proficio Mortg. Ventures, LLC*, 942 F. Supp. 2d 781, 787 (N.D. Ill. 2013).

Plaintiffs sue Soloymi and Busby for wrongful death and negligence. It is undisputed that the accident occurred in Arkansas. While Plaintiffs assert that the truck is situated in this district, Defendants submit Busby's affidavit, in which he attests that he owned the truck at issue at all relevant times, the truck always remained in Busby's possession in Texas when he was not using it to haul loads, the truck was declared a total loss after the accident, and its last known location was in Arkansas. (Busby Aff., Dkt. # 23-1, ¶¶ 2-4.) Plaintiffs do not rebut this evidence; thus, their assertion that the truck's location was in Illinois is misplaced. Plaintiffs contend that that the truck was registered to Soloymi, Soloymi was the lessee of the truck, and Busby operated the truck under the authority and control of Soloymi. These assertions, however, are unsupported by any evidence. Nor is the Court persuaded by Plaintiffs' reliance on their allegations that Soloymi was negligent in hiring, training, supervising, and disciplining Busby, which Plaintiffs conclusorily assert "would have occurred in Illinois." Again, Plaintiffs' statements are unsupported by any evidence; moreover, Busby's affidavit states that he drives locally in Texas and does not travel to Illinois.[1] The Court finds that Plaintiffs have not met their burden of establishing proper venue in this district.

Plaintiffs ask the Court to allow them to conduct venue-related discovery. "The decision to allow limited discovery into venue rests within this Court's discretion." *Sanderling Mgmt. Ltd. v. Snap Inc.*, No. 20 C 4627, 2021 WL 843428, at *5 (N.D. Ill. Mar. 5, 2021). As an initial matter, the Court notes that Plaintiffs cite no authority whatsoever in their discussion on venue and make only a half-hearted attempt to establish their burden of demonstrating that venue is proper here. It is not the Court's role to make a party's arguments for it. More importantly, Plaintiffs' conclusory assertions do not persuade the Court that additional discovery would alter the Court's conclusion. *Id*. (rejecting request for discovery related to venue where "Plaintiff d[id] not suggest that [the defendant's] declarations or disclosures [were] false, nor d[id] it identify any concrete information that it need[ed] to support its venue arguments").

---

[1] Busby has filed a motion to dismiss for lack of personal jurisdiction, which the Court does not address here.

2

"Rule 12(b)(3) permits dismissal for improper venue, as does 28 U.S.C. § 1406(a)[,] . . . . [b]ut § 1406(a) also permits the Court, in the interest of justice, to transfer a case in the wrong district to another district where it could have been brought."  *Hangxiao Che,* 2021 WL 3129418, at *4; 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").  "Generally, courts prefer transferring a case to a jurisdiction where venue is proper as opposed to dismissing it."[2]  *Id.*  The parties agree that venue is proper in the Eastern District of Arkansas; accordingly, the Court transfers the case there.  The Clerk is directed to transfer this case forthwith to the Eastern District of Arkansas.

**Date**:  September 9, 2021

**Ronald A. Guzmán**
**United States District Judge**

---

[2]  A transfer under 28 U.S.C. § 1404, as Defendants request in the alternative, is permitted only if the Court determines that venue is proper in the Northern District of Illinois, which it has not.

3